IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

## CLASS ACTION COMPLAINT FOR DAMAGES

1. Defendant Gurley Motor Co. sold Plaintiffs Eugene and Phyllis Yazzie a truck. Mr. and Mrs. Yazzie put down $4,500 and agreed to make additional two payments of $500 that were itemized as part of the down payment. They also agreed to make 36 regular installment payments of $662.69. Gurley failed to disclose accurately the "deferred down payment," and this omission made the contract appear less expensive than it actually was. The sales paperwork also contained contradictory information about the terms of the agreement.

2. A few weeks after buying the truck, Mr. Yazzie suffered heart problems requiring him to be airlifted to Phoenix. As a result, Mr. and Mrs. Yazzie could not make their two $500 payments on time.

3. Defendant Red Rock Investment Co., the assignee of the contract, illegally repossessed the truck from Phoenix, leaving Mr. Yazzie without transportation home after his release from the hospital. Mr. and Mrs. Yazzie had not missed a single installment payment.

4. Red Rock then sent Mr. and Mrs. Yazzie a deficient and misleading notice of intent to sell the truck.

5. Defendants' conduct violated the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the New Mexico Uniform Commercial Code, N.M.S.A. 1978 §§ 55-1-101 *et seq*. ("UCC").

## Jurisdiction

6. This Court has jurisdiction under the TILA, 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331, 1337 and 2201.  The Court has supplemental jurisdiction over the UCC claim under 28 U.S.C. § 1367, because it arises out of the same agreements.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because Defendant is located in this district and a substantial portion of the events giving rise to this complaint occurred within the district.

## Parties

8. Plaintiffs Eugene and Phyllis Yazzie ("Mr. and Mrs. Yazzie") are residents of Ganado, Arizona.  They are "consumers" as defined by the TILA, 15 U.S.C. §1602(i) and Regulation Z, 12 C.F.R. §226.2(a)(11).

9. Defendant Gurley Motor Co. ("Gurley") is New Mexico corporation and licensed motor vehicle dealer with its principal place of business in Gallup, New Mexico. It is a "creditor," as defined in the TILA, 15 U.S.C. §1602(g), and Regulation Z, 12 C.F.R §226.2(a)(17).

10. Defendant Red Rock Investment Co. ("Red Rock") is New Mexico corporation with its principal place of business in Gallup, New Mexico. It is a "creditor," as defined in the TILA, 15 U.S.C. §1602(g), and Regulation Z, 12 C.F.R §226.2(a)(17).

## Mr. and Mrs. Yazzie Purchase the Truck

11. On or about January 31, 2014, Mr. and Mrs. Yazzie entered into an agreement to purchase a 2006 Dodge Ram ("the Truck") from Gurley.

12. The Truck was purchased for personal, family, and household purposes.

13. The agreement was reflected in several different documents, including a Retail Installment Contract and Security Agreement ("the Installment Contract," Exhibit 1) and an unnamed document constituting a Buyer's Order ("the Buyer's Order," Exhibit 2).

14. The cash price of the Truck was $18,495, and Mr. and Mrs. Yazzie paid Gurley $4500 as a down payment.

15. According to the Installment Contract and the Buyer's Order, Mr. and Mrs. Yazzie agreed to pay $500 on February 14, 2014 and $500 on February 28, 2014. They would make another 36 payments of $662.69 starting on March 17, 2014.

16. Both the Installment Contract and the Buyer's Order itemize the Amount Financed under the contract. In both documents, the two $500 payments are calculated as part of the down payment.

17. Both the Installment Contract and the Buyer's Order have segregated disclosures of certain terms, including the Schedule of Payments, the Total of Payments, the Finance Charge, and the Annual Percentage Rate ("APR").

18. The Schedule of Payments in both the Installment Contract and the Buyer's Order include both the two payments of $500 and the 36 payments of $662.69.

19. The Total of Payments in both the Installment Contract and the Buyer's Order is $23,856.84, which includes the 36 payments of $662.69. However, the sum does not include the two payments of $500.

20. The two payments of $500 also are not included in the Amount Financed.

21. The Amount Financed is $1000 lower than it would be, if Gurley had included the two $500 payments.  The APR is more than 1/8 of 1% lower than it would have been, if the two $500 payments had been included in the Amount Financed.

22. Under the Installment Agreement, Gurley took a security interest in the Truck to secure payment.

23. However, the Buyer's Order did not state that the transaction involved a security interest.

24. The Installment Contract states in bold letters,

    Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of the goods or services obtained pursuant hereto or with the proceeds hereof.  Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

25. At some point after the sale of the Truck, Gurley assigned the Installment Contract to Red Rock.

### Red Rock Repossesses the Truck

26. Mr. Yazzie suffered from heart problems, and on the February 25, 2014, he was airlifted to Phoenix.

27. Mrs. Yazzie was recovering from knee surgery at the time, but she drove the Truck to Phoenix to be with her husband.

28. As of March 2, 2014, Mr. and Mrs. Yazzie had not made the two $500 payments set forth in the Installment Contract and Buyer's Order.

29. Red Rock hired persons to repossess the Truck and represented to them that Red Rock had the right to repossess the Truck.

30. On or about March 2, 2014, persons working on behalf of Red Rock repossessed the

Truck from a parking lot in Phoenix.

31. Mr. and Mrs. Yazzie were forced to walk nearly a mile to their son's apartment, and they had to find transportation to get home to Ganado, 271 miles away.

32. Shortly thereafter, Mr. Yazzie was back in the hospital with pneumonia.

33. On or about April 12, 2014, Red Rock sent Mr. and Mrs. Yazzie a letter ("the Notice," Exhibit 3), that Red Rock had repossessed the Truck and intended to sell it.

34. The Notice did not state whether the disposition of the Truck would be through public or private sale.

35. The Notice did not state that Mr. and Mrs. Yazzie were entitled to an accounting of the unpaid indebtedness.

36. The Notice did not provide a description how a liability could exist for a deficiency. Instead it merely stated that "you may also be liable for any deficiency upon such a sale."

37. The Notice did not state a telephone number Mr. and Mrs. Yazzie could call to learn the amount they had to pay to redeem the collateral.

38. The Notice did not provide a telephone number or mailing address from which additional information concerning the disposition and the obligation secured was available.

39. The Notice incorrectly stated that Mr. and Mrs. Yazzie had the right to redeem the Truck only until May 3, 2014 (five days before the scheduled sale).

40. Upon information and belief, Red Rock has resold the Truck.

## Class Allegations

41. Mr. and Mrs. Yazzie are representatives of two classes of persons, who entered into and continue to enter into transactions with Gurley and Red Rock.

42. Members of Class A consist of persons who purchased a vehicle from Gurley for

personal, family, or household purposes within the 12 months prior to the filing of this Complaint, where Gurley assigned the installment contract to Red Rock, and the sales agreements:

a. included "deferred down payments" which were listed in the Schedule of Payments but not included in the Total of Payments or included in the Amount Financed; and/or

b. The retail installment agreement disclosed a security interest but the buyer's order did not.

43. Members of Class B consist of persons who purchased a vehicle from Gurley for personal, family, or household purposes, within the four years prior to the filing of this Complaint, where Gurley assigned the installment contract to Red Rock, and Red Rock repossessed the vehicle and sent a Notice before selling the collateral, using a form identical or similar to the Notice that:

a. did not state whether the disposition of the vehicle would be through public or private sale;

b. did not state that the debtor was entitled to an accounting of the unpaid indebtedness;

c. did not describe any liability for a deficiency;

d. did not state a telephone number to call to learn the amount payable to redeem the collateral;

e. did not provide a telephone number or mailing address from which additional information concerning the disposition and the obligation secured was available; OR

   f. misstated the consumer's right to redeem until the actual time of sale.

44. The classes are so numerous that joinder of all members is impracticable.  The number of members of Class A exceeds 100 persons and the number of members of Class B exceeds 400 persons.

45. This action is predicated on standard practices of Defendants, which sell a large number of vehicles using identical or similar contracts and send notice before disposition of collateral using identical or similar notices.

46. The issues involve questions of law or fact common to the classes, which have been recited in detail in this Complaint.  These questions predominate over any questions affecting only individual class members.  The principal common questions include:

   a. Whether the disclosure of the "deferred down payment" complied with the TILA;

   b. Whether the contradictory disclosures of the security interest complied with the TILA; and

   c. Whether the notification before disposition of collateral violated the UCC.

47. Plaintiffs' claims are typical of those of the class members.  All claims are based on the same factual and legal theories and arise from the same form documents.

48. Plaintiffs will fairly and adequately represent the class.  Plaintiffs are committed to litigating this matter.  Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful business practices.  Neither Plaintiffs nor counsel have any interests which might cause them not to pursue this claim vigorously.

49. A class action is superior for the fair and efficient adjudication of the class members' claims.  Class members are unaware of the fact that their rights have been violated.  Defendants' customers cannot generally afford counsel to engage in individual litigation

against Defendants.  A failure of justice will result in the absence of a class action.

## First Claim for Relief:  Violations of the TILA

50. The Installment Contract and Buyer's Order for Mr. and Mrs. Yazzie, and every member of the class, violated the TILA as follows:

   a. Because they do not include the amount of the deferred down payments listed in the Schedule of Payments (for the Yazzies, the two $500 payments), the Total of Payments is inaccurately disclosed.

   b. In the alternative, to the extent that the deferred down payments are not a down payment, Defendants inaccurately disclosed the Amount Financed and APR.  15 U.S.C. §§ 1632(a) and 1638(a)(2), (4) and (5).

   c. The security interest, if any, is not accurately disclosed, due to the conflicting information in the Installment Contract and the Buyer's Order, 15 U.S.C. §§ 1632(a) and 1638(a)(9).

51. Defendant is liable under the Truth in Lending Act for statutory damages plus costs and reasonable attorney fees, for each contract which contains one or more violations of the TILA.

## Second Claim for Relief: Violations of the Uniform Commercial Code

52. The deficiencies in the Notice, and in every other similar notification before disposition of collateral, violate the New Mexico Uniform Commercial Code, N.M.S.A. 1978 §§ 55-9-614.

53. Plaintiff and each member of the class is entitled to statutory damages for each faulty notification before disposition of collateral.  N.M.S.A. 1978 §§ 55-9-625(c)(2).

## Prayer for Relief

WHEREFORE, Mr. and Mrs. Yazzie request that this Court:

A. Certify this case as a class action and appoint counsel below to represent the class;

B. Award statutory damages for violations of the TILA;

C. Award statutory damages for violations of the UCC;

D. Award reasonable attorney fees and costs, and;

E. Grant such further relief that is just and reasonable under the circumstances.

Respectfully submitted,

*/s/Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)