IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and PHYLLIS YAZZIE,
*on behalf of themselves and all others similarly situated*,

        Plaintiffs,

v.        No. CIV 14-555 JAP/SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants,

**MEMORANDUM OPINION AND ORDER**

On August 5, 2015, over seven months after the deadline to move to amend had passed, *see* SCHEDULING ORDER (Doc. No. 13), Plaintiffs Eugene Yazzie and Phyllis Yazzie filed PLAINTIFFS' OPPOSED MOTION TO AMEND COMPLAINT (Doc. No. 61) (Motion). In this Motion, Plaintiffs seek permission to file a second amended complaint expanding the definition of proposed Class B (which consists of individuals who purchased a vehicle from Defendant Gurley Motor Co. which was later repossessed by Defendant Red Rock Investment Co.) from individuals who purchased their vehicle within the last **four** years to individuals who purchased their vehicle within the last **six** years. *Id.* at 1.[1] Defendants oppose the Motion as untimely and futile. *See* DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT (Doc. No. 71). Because Plaintiffs have not provided any justification for their delay in moving to amend,[2] the Court agrees with Defendants that Plaintiff's Motion should be denied.

---

[1] Compare AMENDED CLASS ACTION COMPLAINT FOR DAMAGES (Doc. No. 21 ¶ 43) with the proposed SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, Exhibit A to Motion (Doc. No. 61 at 8).
[2] The deadline for Plaintiffs to file a reply in support of their Motion has passed. D.N.M. LR-Civ 7.4(a). Briefing is therefore complete. D.N.M. LR-Civ 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

1

## STANDARD OF REVIEW

The standard for granting leave to amend varies depending on the timing of the request. Early on in a lawsuit parties are permitted to amend their pleadings as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (discussing when a party may amend a pleading as a matter of course). Once this period has passed, a plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) exclusively governs motions to amend brought prior to the amendment deadline set in the Court's scheduling order. In such circumstances, Rule 15(a) instructs courts to "freely give leave [to amend] when justice so requires." This rule embodies a preference for testing a plaintiff's claims on the merits. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") (internal citation omitted). In accordance with this preference, a court should grant amendment under Rule 15(a)(2) unless there is some reason not to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter*, 451 F.3d at 1204. Whether amendment under Rule 15(a)(2) is proper in light of these considerations is within the sound discretion of the district court. *Id.*

After the amendment deadline set in the Court's scheduling order has expired, on the other hand, a plaintiff seeking leave to amend faces an additional burden; this plaintiff must both satisfy the requirements for amendment under Rule 15(a) and demonstrate good cause for seeking modification of the scheduling order under Fed. R. Civ. P. 16(b)(4). *Gorsuch, Ltd., B.C.*

*v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Demonstrating good cause "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (internal citation omitted). For example, a plaintiff may have good cause to amend the complaint after the Court's scheduling order deadline if new information reveals the propriety of bringing previously unsupported claims. If, however, "the plaintiff knew of the underlying conduct but simply failed to raise . . . claims [based on this conduct], . . . the claims are barred." *Id.*

## ANALYSIS

In their one-page Motion, Plaintiffs never explain why the Court should excuse their failure to seek amendment within the Court's scheduling order deadline. To the extent Plaintiffs' Motion sheds any light on this issue, the Motion suggests that the proposed amendment could have been accomplished within court deadlines. Plaintiffs represent that the "Second Amended Complaint clarifies the statute of limitations for Plaintiffs' UCC claims, which Plaintiffs now believe to be six years, rather than the originally stated four years." Motion at 1. The Court sees no reason this reassessment of Plaintiffs' legal position could not have occurred, given diligent efforts, within the Court's amendment timeframe. As a result, there is no evidence in the record from which the Court could conclude that good cause exists for retroactively modifying the Court's scheduling order. Thus, the Court must deny Plaintiffs' Motion.

IT IS THEREFORE ORDERED that PLAINTIFFS' OPPOSED MOTION TO AMEND COMPLAINT (Doc. No. 61) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE