IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

                                      No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

**PLAINTIFF'S SECOND SET OF DISCOVERY
TO DEFENDANT GURLEY MOTOR CO.**

To: Gurley Motor Co.

      Plaintiffs, through their attorney, submit this second set of discovery and request that Defendant Gurley Motor Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

      At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

      If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each



such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

## Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone

number, last known business address and telephone number, any present or former job titles with Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Gurley" or "Defendant" refers to Defendant Gurley Motor Co.

"Red Rock" means Defendant Red Rock Investment Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

## INTERROGATORIES

9. State your net worth on the following dates. If you do not know your net worth as of the date requested, state your net worth as of the closest date that you are able to determine:

    a. June 16, 2010.

    c. January 16, 2014.

    c. June 30, 2014.

    d. Currently.

    e. Year end 2010, 2011, 2012, 2013, and 2014.

10. Which of the persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5 do you contend did **not** purchase their vehicles from Gurley primarily for personal, family or household use?

## REQUESTS FOR PRODUCTION

8. Provide the following documents from the deal files of any person identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5:

    a. Any credit application, including any "Buyer's Statement." (*See, e.g.,* Yazzie-Gurley 000002)

    b. Any application for liability insurance. (*See, e.g.,* Yazzie-Gurley 000012)

    c. The front of the Motor Vehicle Installment Contract and Security Agreement. (*See, e.g.,* Yazzie-Gurley 000001)

    d. The front of the Buyer's Order. (*See, e.g.,* Yazzie-Gurley 000049)

9.     Disclose any documents upon which you relied in responding to this discovery.


Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

## PLAINTIFF'S THIRD SET OF DISCOVERY
## TO DEFENDANT GURLEY MOTOR CO.

To: Gurley Motor Co.

    Plaintiffs, through their attorney, submit this third set of discovery and request that Defendant Gurley Motor Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

    At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

    If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each



such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

### Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone

number, last known business address and telephone number, any present or former job titles with Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Gurley" or "Defendant" refers to Defendant Gurley Motor Co.

"Red Rock" means Defendant Red Rock Investment Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

## REQUESTS FOR PRODUCTION

10. Produce all documents submitted to Pinnacle Bank in the process of applying for or obtaining your recent loan from Pinnacle Bank, and a copy of the loan contract and all supporting paperwork. (This Request refers to the note payable to Pinnacle Bank referred to at Yazzie-Gurley 000311.)

11. Produce all documents submitted to Ford as part of your application or renewal of your floor planning loan at any time within the past 5 years. (The floor planning loan refers to the note payable floor plan noted at Yazzie-Gurley 000311.)

12. Produce all of your year-end financial statements for 2010, 2011, 2012, 2013, 2014, and 2015 (once completed). For the purpose of this Request, "financial statement" means any statement including a balance sheet or statement of income, and includes year end statements to Ford.

13. Produce all monthly interim financial statements prepared for June of 2014 and for July, August, September, and October of 2015, and continuing until trial in this matter. (Yazzie-Gurley 000185 is an example of an interim financial statement.)

14. Produce your two most recent insurance renewal submissions for all business policies.

15. Produce a copy of the note payable to affiliate noted at Yazzie-Gurley 000311.

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

       Plaintiffs,

                                          No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

       Defendants.

**PLAINTIFF'S FOURTH SET OF DISCOVERY
TO DEFENDANT GURLEY MOTOR CO.**

To: Gurley Motor Co.

Plaintiffs, through their attorney, submit this fourth set of discovery and request that Defendant Gurley Motor Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;



EXHIBIT 3

(c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

## Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone number, last known business address and telephone number, any present or former job titles with

Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Gurley" or "Defendant" refers to Defendant Gurley Motor Co.

"Red Rock" means Defendant Red Rock Investment Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

**INTERROGATORIES**

11. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, please state whether each person paid any amount to Gurley or Red Rock with a personal check, and identify the purpose for which the personal check was used (down payment, installment payment, etc.).

12. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, please state whether each person purchased liability insurance from Southwest General Insurance Co., and if so, identify and describe the rate class of such insurance, including whether the person was placed in a business-use rate class, and if so, whether this rate class was based on business use of the vehicle or distance commuting to work.

13. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, if such person did not purchase liability insurance from Southwest General Insurance Co., identify the insurance company through which that individual obtained insurance and, if you know, whether that individual's insurance is in a business use rate class.

## REQUESTS FOR PRODUCTION

16. Produce all documents relied upon in responding to this discovery.

17. For every person identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, produce a copy of the computer screen shown at Yazzie-Gurley 000381.   In

addition, produce a spreadsheet showing each person's "employer" as indicated in

Yazzie-Gurley 000381 (in the Yazzies' case, this entry states "Navajo Nation").

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

                                        No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

## PLAINTIFF'S SECOND SET OF DISCOVERY
## TO DEFENDANT RED ROCK INVESTMENT CO.

To: Red Rock Investment Co.

    Plaintiffs, through their attorney, submit this second set of discovery and request that Defendant Red Rock Investment Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

    At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

    If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each



EXHIBIT 4

such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

## Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone

number, last known business address and telephone number, any present or former job titles with Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Red Rock" or "Defendant" refers to Defendant Red Rock Investment Co.

"Gurley" refers to Defendant Gurley Motor Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Notification Before Disposition of Collateral" means any notification sent by Red Rock to a debtor concerning the disposition of collateral belonging to the debtor.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

**REQUESTS FOR ADMISSION**

11. In every instance in which Red Rock sent a Notification of Disposition of Collateral to a debtor between June 16, 2008 and June 16, 2010, the Notification of Disposition of Collateral either: (a) did not state whether the disposition of the vehicle would be through public or private sale; (b) did not state that the debtor was entitled to an accounting of the unpaid indebtedness; (c) did not describe any liability for a deficiency; (d) did not state a telephone number to call to learn the amount payable to redeem the collateral; (e) did not provide a telephone number or mailing address from which additional information concerning the disposition and the obligation secured was available; or (f) it misstated the consumer's right to redeem until the actual time of sale.

_____ Admit _____ Deny

**INTERROGATORIES**

13. If you denied any Request for Admission, state your legal and factual basis for doing so.

14. With regard to all instances between June 16, 2008 and June 16, 2010 in which Red Rock sent a Notification of Disposition of Collateral to a debtor, state the following information:

   a. The name, address, and phone number of the debtor;

   b. The date(s) on which the Notification(s) of Disposition of Collateral was sent;

   c. The date of disposition of the collateral; and

   d. The amount financed and finance charge in the loan.

## REQUESTS FOR PRODUCTION

9. Every Notification before Disposition of Collateral sent by Red Rock to a debtor between June 16, 2008 and June 16, 2010.

10. Every form Notification of Disposition of Collateral used by Red Rock at any time between June 16, 2008 and June 16, 2010.

11. All documents you relied upon or referred to in responding to this discovery, including all documents containing information called for in Interrogatory No. 14, including individual contracts, Notifications of Disposition of Collateral, and print-outs of computer databases containing the requested information.

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773