IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

**PLAINTIFF'S THIRD SET OF DISCOVERY
TO DEFENDANT RED ROCK INVESTMENT CO.**

To: Red Rock Investment Co.

    Plaintiffs, through their attorney, submit this third set of discovery and request that Defendant Red Rock Investment Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

    At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

    If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each



EXHIBIT 5

such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

## Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone

number, last known business address and telephone number, any present or former job titles with Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Red Rock" or "Defendant" refers to Defendant Red Rock Investment Co.

"Gurley" refers to Defendant Gurley Motor Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Notification Before Disposition of Collateral" means any notification sent by Red Rock to a debtor concerning the disposition of collateral belonging to the debtor.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

## INTERROGATORIES

15. State your net worth on the following dates. If you do not know your net worth as of the date requested, state your net worth as of the closest date that you are able to determine:

   a. June 16, 2010.

   c. January 16, 2014.

   c. June 30, 2014.

   d. Currently.

   e. Year end 2010, 2011, 2012, 2013, and 2014.

16. Which of the persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5 do you contend did **not** purchase their vehicles from Gurley primarily for personal, family or household use?

## REQUESTS FOR PRODUCTION

12. Disclose any documents upon which you relied in responding to this discovery.

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

        Defendants.

## PLAINTIFF'S FOURTH SET OF DISCOVERY
## TO DEFENDANT RED ROCK INVESTMENT CO.

To: Red Rock Investment Co.

Plaintiffs, through their attorney, submit this fourth set of discovery and request that Defendant Red Rock Investment Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each



EXHIBIT 6

such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

### Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone

number, last known business address and telephone number, any present or former job titles with Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Red Rock" or "Defendant" refers to Defendant Red Rock Investment Co.

"Gurley" refers to Defendant Gurley Motor Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Notification Before Disposition of Collateral" means any notification sent by Red Rock to a debtor concerning the disposition of collateral belonging to the debtor.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

## REQUESTS FOR PRODUCTION

13. Produce copies of all unsecured notes with regard to which you are currently a borrower or have been a borrower at any time since January 1, 2013, and produce any supporting paperwork for such notes, including any prospectus or disclosure of any kind made to lenders or investors. (This request refers specifically to the notes payable referred to at Yazzie-Gurley 000351.)

14. Produce all of your year-end financial statements for 2010, 2011, 2012, 2013, 2014, and 2015 (once completed). For the purpose of this Request, "financial statement" means any statement including a balance sheet or statement of income.

15. Produce all monthly interim financial statements prepared for June of 2014 and for July, August, September, and October of 2015, and continuing until trial in this matter. (Yazzie-Gurley 000186 is an example of an interim financial statement.)

16. Produce your two most recent insurance renewal submissions for all business policies.

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

    Plaintiffs,

                                      No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

    Defendants.

**PLAINTIFF'S FIFTH SET OF DISCOVERY
TO DEFENDANT RED ROCK INVESTMENT CO.**

To: Red Rock Investment Co.

    Plaintiffs, through their attorney, submit this fifth set of discovery and request that Defendant Red Rock Investment Co. answer these discovery requests within 30 days after service of this request in accordance with the Federal Rules of Civil Procedure.

    At your request, Plaintiffs will furnish this request in electronic form, to make it easier for you to respond without retyping the questions.

    If you object to any interrogatory or document request on the basis of attorney/client privilege, or on the basis of work product doctrine, state fully the grounds for such objection. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;


EXHIBIT 7

(c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); (c) an explanation of the circumstances surrounding the disposition of the document; and (d) the version of the document that replaced it.

Documents produced shall be organized as they are kept in the usual course of business or organized and labeled to correspond with the paragraphs of the request for production.

Plaintiffs also remind you that timely supplementation is required when a party acquires information or documents that would warrant supplementation of disclosures or responses.

## Definitions

"Documents" means any tangible record in your possession or control, whether written down, recorded, reproduced visually or reproduced electronically. This includes, but is not limited to, all writings, correspondence, notes, memoranda, electronically stored information, instructions, documents, plans, reports, budgets, financial data, photographs, slides, drawings, blueprints, computer programs, audiotapes, videotapes and computer data files (e.g., disks, tapes, and other magnetic or electronic information storage media). Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

"Identify" or "identity" with reference to a person means to state that person's full name, all known addresses and telephone numbers for each person, last known residence and telephone number, last known business address and telephone number, any present or former job titles with

Defendant and dates during which each job was held, all business locations at which the person worked, and if not presently employed by Defendant, Social Security number and date of birth.

"Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, or commission, or other entity.

"You", "your" "Red Rock" or "Defendant" refers to Defendant Red Rock Investment Co.

"Gurley" refers to Defendant Gurley Motor Co.

"Plaintiffs" refers to Plaintiffs Eugene and Phyllis Yazzie.

"The Vehicle" refers to the 2006 Dodge Ram that is the subject of this lawsuit.

"Credit" means the right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"Creditor" means a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.   For the purposes of this definition, a person "regularly extends" credit if it extended credit more than 25 times in the calendar year preceding the transaction.

"Down Payment" means a lump-sum payment to reduce the cash price and includes deferred portions of the down payment.

"Notification Before Disposition of Collateral" means any notification sent by Red Rock to a debtor concerning the disposition of collateral belonging to the debtor.

"Segregated Disclosures" means the disclosures required by the Truth in Lending Act to be grouped together and segregated from everything else pursuant to 12 C.F.R. § 1026.17(a)(1).

## INTERROGATORIES

17. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, please state whether each person paid any amount to Gurley or Red Rock with a personal check, and identify the purpose for which the personal check was used (down payment, installment payment, etc.).

18. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, please state whether each person purchased liability insurance from Southwest General Insurance Co., and if so, identify and describe the rate class of such insurance, including whether the person was placed in a business-use rate class, and if so, whether this rate class was based on business use of the vehicle or distance commuting to work.

19. With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, if such person did not purchase liability insurance from Southwest General Insurance Co., identify the insurance company through which that individual obtained insurance and, if you know, whether that individual's insurance is in a business use rate class.

## REQUESTS FOR PRODUCTION

17. Produce all documents relied upon in responding to this discovery.

18. Produce a copy of the loan application and all supporting documents submitted to Morgan Stanley concerning the loan shown at Yazzie-Gurley 000186.

Respectfully Submitted,

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| Eugene Yazzie and Phyllis Yazzie | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. CIV 14-555 JAP/SCY |
| Gurley Motor Co. and Red Rock Investment Co. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Southwest General Insurance Co.
c/o Mark Jarmie, mjarmie@jarmielaw.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Feferman and Warren<br>300 Central Ave. SW, Ste. 2000W, Albuquerque NM | Date and Time:<br>12/07/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/23/2015

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eugene Yazzie and Phyllis Yazzie _____, who issues or requests this subpoena, are:

Nicholas Mattison, 300 Central Ave. SW Ste. 2000W, Albuquerque NM 87108, nmattison@swcp.com 505-243-7773

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 8**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV 14-555 JAP/SCY

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A to Subpoena to Southwest General Insurance Co.

With regard to all persons identified in response to Plaintiffs' Interrogatory to Defendant Gurley Motor Co. No. 2(a) and Plaintiff's Interrogatory to Defendant Red Rock Investment Co. No. 5, please produce documents and provide all information known to you concerning whether each person purchased liability insurance from Southwest General Insurance Co., and if so, identify and describe the rate class of such insurance, including whether the person was placed in a business-use rate class, and if so, whether this rate class was based on business use of the vehicle or distance commuting to work.