IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and PHYLLIS YAZZIE,
*on behalf of themselves and all others similarly situated*,
   Plaintiffs,

v.                 No. CIV 14-555 JAP/SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,
   Defendants,

**MEMORANDUM OPINION AND ORDER**

  On February 8, 2016, Defendants Gurley Motor Co. and Red Rock Investment Co. filed a motion asking the Court to "award them an offset to any damages claimed by members" of the New Mexico Uniform Commercial Code Class. *See* DEFENDANTS' REQUEST FOR OFFSET (Doc. No. 135 at 5) (Offset Request). Plaintiffs oppose the Offset Request as untimely, procedurally groundless, and futile. *See* AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR OFFSET (Doc. No. 144). Defendants did not file a timely reply to these arguments.[1] Because the Court agrees that Defendants' Offset Request is untimely, the Court will deny the motion.

**Background**

  Plaintiffs filed this class action lawsuit on June 16, 2014 asserting, *inter alia*, that Defendant Red Rock Investment Co.'s (Red Rock's) standardized repossession practices violated the New Mexico Uniform Commercial Code (the UCC or the New Mexico UCC). CLASS ACTION COMPLAINT FOR DAMAGES (Doc. No. 1) (Complaint). On October 30, 2015, the Court certified a UCC Class consisting of all natural persons who purchased a vehicle from Defendant Gurley Motor Co. primarily for personal, family, or household use, whose financing

---

[1] *See infra* Discussion, Part A.

1

contract was assigned to Red Rock and to whom, beginning four years prior to the filing of the Complaint, Red Rock sent its "Notification Before Disposition of Collateral," after repossessing the person's vehicle. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 87 at 20). On March 8, 2016, the Court determined that Red Rock's form "Notification Before Disposition of Collateral" violated the provisions of the New Mexico UCC in at least three regards. Consequently, the Court entered summary judgment on liability against Defendant Red Rock in favor of Plaintiffs and the UCC class. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 153 at 13-14). In accordance with the provisions of the UCC, the Court found that, barring a due process reduction, each class member is entitled to statutory damages in the amount of the credit service charge plus ten percent of the original principal amount of the car loan. *Id.* at 18.

In Defendants' Offset Request, Defendants allege that "the proceeds received" from the sale of the class members' repossessed vehicles "were uniformly less than the amount which the [class members] owed to Red Rock" as the holder of the promissory note. Offset Request at 1-2. As a result, Defendants maintain that each of these consumers continues to owe Defendant Red Rock money that should be "offset" against any class damages awarded under the UCC. *Id.* at 2.

## Discussion

### A. Defendants' Request to File a Late Reply

On March 17, 2016, three days after the reply was due and two days after Plaintiffs filed a notice of briefing completion, Defendants filed an OPPOSED MOTION FOR EXTENSION OF TIME (Doc. No. 158) to file the reply. In this motion, Defendants request until March 31, 2016 to file a reply. The Court will deny this motion as untimely. *See* D.N.M.LR-Civ. 7.4(a) (if a briefing extension is opposed, the party seeking the extension must file a separate motion requesting an extension within the briefing period). By the time Defendants filed the request for

an extension, the reply deadline had already passed and the Court had already devoted time and resources to ruling on Defendants' Offset Request. Defendants do not offer any excuse for their failure to request an extension in a timely fashion.

      This is part of a long pattern of ignoring the Local Rules and court deadlines. Defendants filed their ANSWER (Doc. No. 8) more than a month after it was due to the Court. *See* Fed. R. Civ. P. 12 and SUMMONS (Doc. Nos. 6-7). On February 24, 2015, Plaintiffs filed two motions to compel arguing that Defendants provided inadequate and/or incomplete responses to Plaintiffs' discovery requests. (Doc. Nos. 24, 26). Over a month later, when Defendants still had not filed a response, the Honorable Steven C. Yarbrough, the magistrate judge assigned to oversee discovery, granted Plaintiffs' motions under D.N.M.LR-Civ. 7.1(b), which states: "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." (Doc. No. 28). Six days later, Defendants filed a motion to reconsider (1) complaining that the Court entered the discovery order "without a Notice of Completion of Briefing or other discussion with the parties" and (2) opposing, in part, the granting of Plaintiffs' motions to compel based on arguments that Defendants could have, but failed to timely raise in response. (Doc. No. 32). Defendants' delay in raising these arguments wasted court resources and complicated the resolution of the discovery disputes.

      At a subsequent discovery hearing, Judge Yarbrough explained to Defense counsel that the Court would not necessarily wait for a notice before ruling on a motion. In addition, he told Defense counsel that when the parties agreed to a briefing extension, notice of this extension needs to be filed with the Court in accordance with the Local Rules. (Doc. No. 35). Defense counsel has not abided by this admonition. Defendants' response to Plaintiffs' motion for summary judgment was due January 25, 2016. When nothing had been filed more than a week

after this deadline, the Court sent counsel a letter citing the Local Rules and inquiring as to the response. Defense counsel sent a letter back stating that Plaintiffs "graciously extended the deadline." (Doc. No. 139). It is not clear from this letter whether the extension was granted retroactively. With regard to the present motion, the reply to Defendants' Offset Request was due March 10, 2016. This date passed without a reply or a notice of extension being filed with the Court. Then, on March 15, 2016 Plaintiffs' filed a notice of briefing completion (Doc. No. 155) indicating that the parties had agreed to extend the reply deadline until March 14, 2016, a deadline which Defendants also missed just as they previously had missed (1) the deadline for responding to the motions to compel, (2) the deadline to file a response to Plaintiffs' certification motion (Doc. No. 74), (3) the deadline for objecting to Plaintiffs' proposed class notice (Doc. Nos. 87, 99), (4) the deadline for providing Plaintiff a complete list of class members (Doc. No. 119), and (5) the deadline for responding to Plaintiffs' motion for summary judgment (Doc. No. 142). Enough is enough. The Court has repeatedly advised Defense counsel of Defendants' duty to comply with Rule 7.4(a) which sets out briefing deadlines and requires the parties to inform the court of any agreed-to extensions. The Court will not continue to forgive Defendants' failure to abide by the rules of this court and court deadlines.

### B. *Nature of Defendants' Motion*

While styled as a "request for offset," Defendants' motion is actually a motion asking the Court to enter deficiency judgments, in various undetermined amounts, against each of the UCC class members. *See* Offset Request at 5 (Defendants respectfully request that this honorable Court award them an offset . . ."). Under New Mexico law, a creditor who repossesses secured collateral and disposes of this collateral for an amount less than the debtor's remaining obligation may sue the debtor in court in order to recover the amount still owing (the deficiency). New

Mexico courts commonly refer to such suits as "deficiency actions" or as lawsuits seeking a "deficiency judgment." In a deficiency action, the plaintiff-creditor bears the burden of proving that its repossession practices complied with the UCC and that the sale of the collateral was commercially reasonable. *Clark Leasing Corp. v. White Sands Forest Prods.*, 1975-NMSC-022, ¶ 12, 87 N.M. 451, 454. When, as is the case here, the repossession violated the UCC, whether a creditor may still obtain a deficiency judgment depends on the nature of the collateral. If the collateral involved is not a consumer good, failure to comply with the UCC "does not result in a forfeiture of the right to a deficiency." *Id. ¶ 16*; *see also* NMSA § 55-9-626(a)(3). However, in such a case, the amount of the deficiency is limited to the amount the obligation exceeds the fair market value of the collateral, with the creditor bearing the burden of establishing the fair market value. *Clark Leasing*, 1975-NMSC-022, ¶ 16; NMSA § 55-9-626(a)(3).

If, however, the collateral is a consumer good, "the determination of the proper rules" is left to the courts to decide. NMSA § 55-9-626(b). Here, the parties vigorously disagree about whether New Mexico case law allows a creditor to recoup any deficiency when the creditor's practices violated the UCC. Plaintiff maintains "New Mexico law bars the recovery of deficiencies from consumers when a repossession violates the UCC." Response at 5. Despite citing to the same case – *Clark Leasing*, 1975-NMSC-022 – Defendants reach the opposite conclusion. But, this dispute has little bearing on the preliminary issue facing the Court: sounding out the true nature of Defendants' motion.

Whether or not UCC violations preclude entry of a deficiency judgment in a consumer transaction, it is clear that Defendants' request for a deficiency cannot be properly classified as a request for an "offset." The provisions of the UCC that form the basis of Plaintiffs' and class members' claims do not provide for an automatic statutory offset equal to the amount, if any, still

owing to the non-compliant creditor. *See generally* NMSA § 55-9-601, *et seq*. If Defendant Red Rock seeks to recover this amount, it must affirmatively assert a claim for a deficiency judgment against the class members according to the standards discussed above. In other words, Defendant Red Rock's request for an offset is actually an attempt to obtain summary judgment on a deficiency counterclaim, on which Defendant Red Rock bears the burden of proof. *See First Nat'l Bank in Albuquerque v. Chase*, 1994-NMSC-127, ¶ 9, 118 N.M. 783, 785 ("a deficiency action is essentially an action for the price."); *Charley v. Rico Motor Co.*, 1971-NMCA-004, ¶ 17, 82 N.M. 290, 293 (defendant's attempt to reduce plaintiff's UCC damages by amount of a repair bill constituted a counterclaim that would generally need to be presented by affirmative pleading).

      Viewed in this manner, it is immediately apparent that Defendants' motion suffers from at least two fatal flaws. First, even if Defendants are correct that their UCC violations do not extinguish their right to assert deficiency counterclaims, they still bear the burden of showing the existence of a recoverable deficiency. This requires proof of the fair market value of the repossession sales. Defendants have not, however, presented any evidence on this issue. Thus, the Court is not in a position to enter a deficiency judgment in their favor. In fact, in their Offset Request, Defendants never once specify how the Court should go about entering "offsets" in their favor when the class has not yet been finalized and the parties have not presented any concrete figures showing the amounts, if any, that each class member still owes Defendant Red Rock. What Defendants appear to be asking for is a quasi-advisory ruling regarding Defendant Red Rock's right to assert claims for a deficiency judgment despite its violation of the UCC. The Court declines to reach this issue in the absence of any evidence (or properly plead allegations) that class members still owe Defendants money as Defendants assert.

Second, Defendants have never asserted deficiency counterclaims in this lawsuit on which the Court can enter a judgment. *See* ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES (Doc. No. 8) and JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (Doc. No. 11). For both of these reasons, the Court will deny Defendants' Offset Request to the extent this motion asks the Court to enter deficiency judgments against the class members. Although this is the relief Defendants seek, their request is clearly premature. Defendants must first assert counterclaims for a deficiency judgment and then present evidence that they are entitled to a deficiency before the Court can enter a judgment in their favor. Because neither step has occurred, Defendants' Offset Request is better read as a motion seeking permission to add new deficiency counterclaims against Plaintiffs and UCC class members. The Court will next consider whether this request has any merit.

### C. Timeliness of Defendants' Attempt to Assert Deficiency Counterclaims

As the Court has explained in detail previously in this lawsuit, the standard for granting leave to amend a pleading varies depending on the timing of the request. When, as is the case here,[2] the amendment deadline set in the Court's scheduling order has expired, a defendant seeking leave to amend its answer must both satisfy the requirements for amendment under Rule 15(a) and demonstrate good cause for seeking modification of the scheduling order under Fed. R. Civ. P. 16(b)(4). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Demonstrating good cause "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (internal citation omitted). For example, a defendant may have good cause to amend the answer to add a counterclaim if new information reveals the propriety of bringing previously unsupported claims. If, however, "the

---

[2] The deadline for Defendants to amend their answer was January 15, 2015. SCHEDULING ORDER (Doc. No. 13).

[defendant] knew of the underlying conduct but simply failed to raise . . . claims [within the court-imposed deadlines], . . . the claims are barred." *Id.*

Here, Defendants have not made any showing that they possess good cause to amend the answer to add new counterclaims against Plaintiffs and UCC class members. The Court is skeptical that such a showing could be made. Defendants have represented that "[w]hen the cars of the class members were sold at auction, the proceeds received were uniformly less than the amount which the purchasers owed to Red Rock." Offset Request at 2. This would suggest that Defendant Red Rock knew or should have known all the facts necessary to raise these counterclaims within the January 15, 2015 court deadline. Instead, Defendants waited thirteen additional months to alert opposing counsel and the Court of their desire to be awarded deficiency judgments as an offset to class damages. Because Defendants have not shown any cause for this delay, these claims are barred under Rule 16. This is reason enough to deny Defendants' motion.

However, the Court also notes that allowing Defendants to add new claims at this stage in the lawsuit would pose significant procedural problems. The Court certified this class action after making a finding that common issues predominated over any individual issues. In reaching this conclusion, the Court did not have the opportunity to consider the effect of adding individualized deficiency counterclaims to the lawsuit. Moreover, discovery is scheduled to close on April 1, 2016**.** The Court is concerned that allowing Defendants to assert untimely deficiency claims would necessitate reopening discovery to allow for the exchange of information about the fair market value of each repossessed vehicle. This would potentially require the Court to postpone the September 6, 2016 trial. The Court finds that such a postponement would not be equitable to Plaintiffs, who have been litigating this case on behalf of the UCC class for nearly two years.

The time has long passed for Defendants to raise novel counterclaims that could have been asserted over a year ago.

    IT IS THEREFORE ORDERED THAT:

1. Defendants' OPPOSED MOTION FOR EXTENSION OF TIME (Doc. No. 158) is DENIED; and

2. DEFENDANTS' REQUEST FOR OFFSET (Doc. No. 135 at 5) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE