IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

Defendants.

## CLASS ACTION SETTLEMENT AGREEMENT

1. **Parties.** The parties to this Settlement Agreement are: Plaintiffs Eugene and Phyllis Yazzie, individually and on behalf of two classes of persons, and Defendants Gurley Motor Co. and Red Rock Investment Co. This Agreement binds the Defendants, their assigns and successors, officers and employees, and all others acting on behalf of Defendants. This Agreement also binds Plaintiffs and all members of the classes defined herein, and their successors and heirs.

2. **Nature of Litigation.** On June 16, 2014, Plaintiffs filed a class action in this Court, Case No. 1:14-cv-00555-JAP-SCY, alleging that Defendants violated the Truth in Lending Act and the New Mexico Uniform Commercial Code.

3. **Denial of Liability.** Defendants deny any wrongdoing. Defendants consider it desirable that the action and the claims therein be settled upon the terms and conditions set forth in this Settlement Agreement, in order to avoid further expense and burdensome, protracted litigation.

4. **Investigation.** Counsel for the classes has investigated the facts available and the

applicable law. Counsel for the classes has taken the depositions of Defendants, reviewed voluminous written discovery responses and documents from Defendants, including regarding Defendants' financial circumstances. Defendants warrant that, to the best of their knowledge, their testimony and records are truthful, accurate, and contain no significant omissions. Defendants acknowledge that Plaintiffs and class counsel have relied on this information in agreeing to this Settlement Agreement.

5. **Compromise.** Plaintiffs and the class members desire to settle their claims against Defendants, having taken into account, through their counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the classes, Plaintiffs consider it to be in the best interest of the classes to enter into this Settlement Agreement.

6. In consideration of the foregoing and other good and valuable consideration, the parties agree that the claims of the Plaintiffs and the members of the classes should be and are compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## TERMS OF SETTLEMENT

1. **Effective Date.** This Settlement Agreement shall become effective ("Effective Date") upon the Court's entry of a final Order (1) approving this Settlement Agreement as fair, reasonable and adequate to the classes; and (2) retaining jurisdiction to enforce the settlement, if necessary; provided, however, that the Order has become final, meaning that the time for appeal by an objector has expired, or, if there has been an appeal, that the Order has been upheld on appeal without material change.

2. **Class Definition.** The classes are defined as follows:

a. "Loan Agreement Class" or "TILA Class" consisting of all natural persons who, beginning one year prior to the filing of the Complaint, entered into a Motor Vehicle Installment Loan Contract with Gurley to purchase a vehicle primarily for personal, family, or household use, where the loan agreement included a "deferred down payment," which was listed in the disclosed Payment Schedule but not included in the Total of Payment; and

b. A "Notification Class" or "UCC Class" consisting of all natural persons who purchased a vehicle from Gurley primarily for personal, family, or household use, whose financing contract was assigned to Red Rock and to whom, beginning four years prior to the filing of the Complaint, Red Rock sent its Notification Before Disposition of Collateral, after repossessing the person's vehicle.

The parties note that as part of this Settlement Agreement, Defendants waive any claim that class members did not purchase their vehicles for personal, family, or household use.

3. **Relief.**

a. **Generally:** Full settlement is in the amount of $940,200, plus additional consideration as set forth herein. Defendants shall pay a total of $695,000 in monetary relief, and $245,200 in the form of gift certificates to be distributed to the classes. In the event of breach of this Settlement Agreement, each Defendant is jointly and severally liable for the full settlement amount. This relief is all inclusive and reflects the entire agreement between the parties. Plaintiffs and the classes shall not receive any additional amounts from the Defendants for any costs of administering this Settlement Agreement. Plaintiffs are responsible for calculating and determining the distributions to the class members.

b. **Monetary Relief:** Defendants shall pay a total amount of $695,000 to class counsel (or the class administrator, if so directed) within 15 days of the Effective Date. The money will be utilized as follows:

i. **Payment of Class Attorney Fees and Costs.** Plaintiffs will submit an attorney fee application to the Court. Defendants will not oppose Plaintiffs' position that hourly billing rates of $195 for attorney Mattison and $325 for attorney Feferman are fair and reasonable and that class counsel are entitled to a percentage of the common fund to be determined. Plaintiffs' attorneys also will receive gross receipts tax and reimbursement of all taxable costs and all out-of-pocket expenses.

ii. **Payment of Costs of Administration.** The plaintiffs will need to hire a third party settlement administrator to process notices and payments to class members.

iii. **Service Award for Plaintiffs.** In recognition of the fact that Plaintiffs Eugene and Phyllis Yazzie were active in the litigation of this case, including multiple 400-mile round trips from Lower Greasewood, Arizona to Albuquerque, New Mexico, and regular contact and consultation with their attorneys, Mr. and Mrs. Yazzie will receive $4,000 each for their efforts, for a total of $8,000, subject to Court approval.

iv. **Monetary relief to the class.** After payment of the above sums, the balance remaining from the total monetary settlement amount will be distributed as follows:

(1) First, the members of the TILA Class will receive payments of $135. Where more than one person was involved in a single transaction with Defendants triggering membership in the TILA Class (e.g., two co-buyers contracted to purchase a vehicle), a single payment of $135 will be made out to all persons involved in the transaction. As such, there will be a total of 318 payments of $135, for a total of $42,390.

(2) Second, all remaining funds will be divided among the members of the UCC Class. Where more than one person was involved in a single transaction with Defendants triggering membership in the UCC Class (e.g., two co-buyers contracted to purchase a vehicle which was subsequently repossessed), a single payment will be made out to all persons involved in the transaction, as calculated below. As such, there will be a total of 928 payments. Payments shall be calculated as follows: UCC Class members will receive pro rata amounts of the remaining funds based on the ratio of the finance charge plus 10% of the amount financed in the class member's transaction, to the total finance charge plus 10% of the amount financed in all of the transactions of UCC Class members. The parties estimate that this will result in an average payment of $550 per transaction.

c. **Gift Certificate Relief.** Defendants shall provide the class administrator with $245,200 in the form of gift certificates within 30 days of the Effective Date.

i. **Number and Amount of Gift Certificates.** All class members shall receive one gift certificate in the amount of $200. Members of both classes shall receive only one gift certificate. Where more than one person was involved in a single transaction with Defendants triggering class membership (e.g., two co-buyers contracted to purchase a vehicle), a single gift certificate will be addressed to all persons involved in the transaction. As such, there will be a total of 1,226 gift certificates issued.

ii. **Terms of Gift Certificates.** The gift certificates will be usable for vehicle purchases, service, or parts at Gurley Motor Co. The gift certificates are non-transferable, are not subject to redemption for cash, and each must be used in full at one time, although not necessarily for one item. All gift certificates will expire 3 years from their date of issuance, which shall be the date printed on the gift certificate. The date printed on the gift certificate shall be the date of the sixtieth day after the Effective Date.

d. **Distribution of Monetary and Gift Certificate Relief to the Class.** Within 60 business days after the Effective Date, a settlement administrator selected by Plaintiffs' counsel will distribute the money in the form of a check ("First Mailing"), which will become void after 180 days from the date of issue, and gift certificates to such members of the class as can be located. The return address on the envelope will be that of the Settlement Administrator.

i. The checks shall be issued on a national bank that has branch offices in the Gallup area, including the Navajo reservation. Defendants agree to cash any settlement checks presented at Gurley Motor Co.:

(1) Without payment of any fee;

(2) Without requiring the payee to present identification other than a valid/current state issued photo ID, or driver's license; and

(3) Without suggesting, asking or requiring that the payee pay any existing debt, purchase any goods or services, or otherwise obligating or burdening the payee.

ii. In the event that a class member who is entitled to a payment or gift certificate is deceased, the payment or gift certificate shall be issued to a person reasonably believed to be that person's heir or beneficiary, upon presentation of reasonable written documentation by such person to Plaintiffs. Plaintiffs are solely responsible for this determination, and Defendants shall have no liability relating to such determination.

iii. **Unclaimed Amounts.**

(1) **Monetary Relief.** The total cash amount of all checks written to class members who fail to cash their checks by the void date ("Cash Remainder") will be distributed in a second round of checks ("Second Mailing") to those class members who did cash their checks, if practicable and economical, as follows: first, the cost of the Second Mailing will be deducted from the Cash Remainder; second, if practicable and economical, the remaining

amount of the Cash Remainder will be distributed pro rata to members of both classes based on the ratio of the class member's check amount in the First Mailing to the total amount of cashed checks in the First Mailing. If the Second Mailing is determined not to be practicable or economical, the Cash Remainder will bedonated by the class administrator to Equal Access to Justice, a 501(c)(3) charitable organization which provides legal assistance to low and moderate income persons in New Mexico. The parties agree that in no case shall the Cash Remainder be returned to Defendants, and that if the Court orders the Cash Remainder to be disposed of in some other manner, it shall not constitute a substantive change to this Agreement.

(2) **Gift Certificates.** Defendants shall have no further obligation to pay any amounts relating to gift certificates that are not redeemed by the expiration date, including gift certificates that cannot be distributed to class members because such class members cannot be found.

e. **Non-Monetary Relief**

i. **Debt Forgiveness.** Defendants agree to waive any amounts allegedly owed to them by any UCC Class member in the transactions giving rise to UCC Class membership. The total amount of such debt forgiveness is $3,820,578. Defendants will

not issue any 1099(c) alleging that such waiver represents the forgiveness of debt to a class member.

ii. **Credit Reporting**. To the extent that Defendants have reported any derogatory information about class members to a credit reporting agency relating to the transactions giving rise to UCC Class membership, Defendants agree to take all reasonable steps to delete the trade line relating to such information.

4. **Publicity**. Plaintiffs and their counsel agree not to publicize this Settlement Agreement to the media, and if contacted by media, to limit their comments relating to this Settlement Agreement to a statement that they believe this settlement to be fair to Plaintiffs and the class.

5. **Releases.**

a. Plaintiffs and each class member, as of the Effective Date, release and discharge Defendants, their officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, attorneys and employees, from Defendants' alleged violations of the Truth in Lending Act and the Uniform Commercial Code, as described in the Complaint herein.

b. This release is conditioned upon the performance by Defendants of its obligations toward Plaintiffs and the class members, as set forth in this Settlement Agreement.

6. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used as a limitation on Plaintiffs' alleged

damages, nor as an admission, or evidence, of liability, or class certification, by Defendants in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

7. **Approval of Settlement.** Defendants shall cooperate in and concur in all procedural requirements for approval of this Settlement Agreement, including but not limited to:

a. Motion for Preliminary Approval;

b. Motion for Final Approval;

c. Motion for Attorneys' Fees and Costs; and

d. Following the Effective Date, full performance of this Settlement Agreement, and the disposition of all unclaimed funds, Motion to Dismiss.

8. **Court Required Changes to Settlement Agreement.** In the event that the Court conditions its preliminary or final approval of this Settlement Agreement on any changes to the Agreement, the Parties shall in good faith consider such changes and consent to them if they do not substantively alter the obligation of the party. Changes that shall be deemed to substantively change the obligation of a party include, but are not limited to, changes that affect (a) the monetary payments required hereunder; (b) the scope of the release to be granted; (c) the definition of the classes or class members; or (d) a provision expressly noted as material in this Settlement Agreement. Changes that merely alter wording or that reasonably modify timing of any event do not substantively change the obligations hereunder.

9. **Right of Exclusion.** Any class member may seek to be excluded from this Agreement and from the class in the manner provided by the Court. Any class member so excluded

shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

10. **Other matters.** The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein as soon as is reasonably possible.

11. The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by both parties hereto, and approved by the Court.

12. This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

13. Each and every term of this Settlement Agreement shall be binding upon Plaintiffs, the class members, their successors and personal representatives, and Defendants and their successors, assigns and affiliates. All of these persons and entities are intended to be beneficiaries of this Settlement Agreement.

14. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of New Mexico.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed. This agreement may be executed in counterparts.

Eugene Yazzie, Plaintiff

Phyllis Yazzie, Plaintiff

Approved:

Nicholas H. Mattison
Richard N. Feferman
Feferman & Warren, attorneys for Plaintiffs and the class
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102

Gurley Motor Co.

By: ______________

Its: Pres.

Red Rock Investment Co.

By: ______________

Its: Pres.

Approved: As to form

______________

Mark D. Jarmie
Jarmie & Associates, Attorneys for Defendants
514 Marble Ave. NW
Albuquerque, NM 87102