IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE YAZZIE and
PHYLLIS YAZZIE,
on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.                                 No. 1:14-cv-00555-JAP-SCY

GURLEY MOTOR CO. and
RED ROCK INVESTMENT CO.,

       Defendants.

**FINAL ORDER**

THIS MATTER came before the Court on Plaintiffs' Unopposed Motion for Final

Approval of Settlement Agreement [Doc. 194] and Unopposed Motion for Attorney's Fees,

Expenses, and Service Award [Doc. 193].  For the reasons set forth herein, the Court grants both

Motions.

On June 30, 2016, the Court granted preliminary approval to the Settlement Agreement

[Doc. 185] and directed that Court-approved notice be sent to class members [Doc. 186].  On

July 29, 2016, the notice was sent to members of the class, which advised them of the proposed

settlement and notified them of the date of the fairness hearing.  The Court is informed of the

extensive procedures that the parties went through in order to prepare the mailing list and to

verify the accuracy of that list.  The notice was sent by first class mail to 1,246 class members.

Despite the parties' best efforts, 66 class members have not been located.

Of the 1,180 class members presumed to have received notice, no persons have filed

objections to the proposed Settlement Agreement.  No persons have opted out of this class

action.

1

The Court considered the Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement [Doc. 194] and Unopposed Motion for Attorney's Fees, Expenses, and Service Award [Doc. 193], and otherwise reviewed the record in this case.  The Court then conducted a fairness hearing on October 26, 2016, to which members of the classes, including any persons with objections, were invited.  No objectors or class members appeared.  At that hearing the Court addressed questions to and heard from counsel for Plaintiffs and Defendants. The Court also took testimony from named Plaintiff, Phyllis Yazzie.  Ms. Yazzie testified that she believes the settlement and the award of attorney fees and costs are fair and reasonable.

The Court being fully advised in the premises, having reviewed and approved the Settlement Agreement, and finding that the settlement is fair, just and reasonable, FINDS AND ORDERS:

1.      On July 29, 2016, class members were mailed notice of settlement.  The Court finds that the notification process satisfied Fed.R.Civ.P. 23 and the requirements of due process.

2.      No class members objected to the Settlement Agreement or opted out of this class action.

3.      Notice was mailed under the Class Action Fairness Act, 28 U.S.C. §1715, on August 2, 2016, to the appropriate federal and state Attorneys General.  None of these entities raised any objection to this settlement within the time set by law, and it is now appropriate to enter a final order.

4.      The Court ratifies the findings in its Order granting class certification [Doc. 87] that this action is best maintainable as a class action; that Plaintiffs Phyllis Yazzie and Eugene Yazzie are suitable class representatives; and that Nicholas Mattison and Richard N. Feferman are appropriate class counsel.

5.      The classes are as follows:

A "Loan Agreement Class" or "TILA Class" consisting of all natural persons who, beginning one year prior to the filing of the Complaint, entered into a Motor Vehicle Installment Loan Contract with Gurley to purchase a vehicle primarily for personal, family, or household use, where the loan agreement included a "deferred down payment," which was listed in the disclosed Payment Schedule but not included in the Total of Payment; and

A "Notification Class" or "UCC Class" consisting of all natural persons which purchased a vehicle from Gurley primarily for personal, family, or household use, whose financing contract was assigned to Red Rock and to whom, beginning four years prior to the filing of the Complaint, Red Rock sent its Notification Before Disposition of Collateral, after repossessing the person's vehicle.

6.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the classes, and hereby approves the Settlement Agreement.  Specifically, the Court finds as follows:

a.    The Settlement Agreement was fairly and honestly negotiated.  Settlement was reached after extensive and hard-fought litigation.  The parties engaged in informal settlement discussions and two formal settlement conferences with the capable assistance of United State Magistrate Steven Yarbrough.  The parties' negotiations were at arms-length.

b.    Serious legal and factual questions placed the litigation's outcome in doubt.  At the time of settlement, the parties were briefing Defendants' motion to reduce damages under the UCC pursuant to the Due Process Clause of the United States Constitution.  In addition, the parties disputed which class members purchased

vehicles primarily for personal, family or household use.  Other legal and factual questions placed the ultimate outcome of this case in doubt.

c.      Immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation.  For the reasons noted above, the ultimate outcome of this case was in doubt.  In addition, even if a completely favorable result were obtained, the ability of Defendants to pay while remaining in business was uncertain.

d.      The parties believe the settlement is fair and reasonable.  Both parties have expressed their belief that settlement was appropriate.

7.      The Court finds that payment to class counsel of $173,750, inclusive of attorney's fees, litigation costs, costs of administration, and applicable taxes, is appropriate.  No class members objected to this award of fees.  This payment is well within the standards established in the Tenth Circuit for payment according to the "percentage of the fund" method.  The Court has reviewed the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) and finds that they weigh in favor of this award of attorney's fees, as follows:

a.      The Court reviewed the time records of counsel and finds that considerable time and labor was invested.

b.      This case presented novel and difficult questions, including questions of first impression in New Mexico.

c.      Plaintiff's counsel demonstrated considerable skill in litigating this case, including addressing technical and specialized questions of law.

d.      The time commitment required by this case precluded other employment by

Plaintiffs' counsel.

e.    The requested fee is commensurate with the customary fee for similar cases in the Tenth Circuit.

f.    Plaintiffs agreed to a contingency fee, and Plaintiffs' counsel litigated this case for more than two years without remuneration and with the risk of nonpayment.

g.    The complete resolution of this case in just over two years reflects that it was litigated in an expeditious manner.

h.    Plaintiffs obtained an excellent result for the classes.

i.    Mr. Feferman and Mr. Mattison have strong reputations and extensive experience in the practice of consumer law.  Their litigation of this case demonstrated ability consistent with this reputation.

j.    This case was challenging and risky to litigate.  It was not a "desirable" case to many in the legal community.

k.    Plaintiffs' counsel served throughout this litigation, creating a long-standing professional relationship.

l.    The award of attorney's fees in this case is consistent with awards in similar cases in the Tenth Circuit.

8.    The Court finds that payment of a service award to named Plaintiff Phyllis Yazzie in the amount of $8,000 is reasonable.  No class members objected to the service award.  Mr. and Mrs. Yazzie invested substantial effort in this class action, and without their contributions, there would be no common fund to distribute to class members.  Mr. and Mrs. Yazzie's commitment was dramatically greater than it would have been had this case been brought as an individual action.

9.      The parties are directed to implement the Settlement Agreement in accordance with its

terms.

10.     The release in this case is conditioned upon the payment by Defendants set forth in the

Settlement Agreement.

11.     The Court retains jurisdiction over the interpretation, enforcement and implementation of

both the Settlement Agreement and this Order.

SO ORDERED:

_____

Hon.  James A. Parker
Senior United States District Judge

Approved:

*/s/ Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, attorneys for Plaintiffs and for the classes
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

*/s/Mark D. Jarmie*
Mark D Jarmie,
Jarmie and Associates, attorneys for Defendants
PO Box 26416
Albuquerque, NM 87125-6416
(505)243-6727